IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

ASASD NIYAZ,                        )
                                   )
        Plaintiff,                 )
                                   )
            v.                     )
                                   )        1:10cv796
BANK OF AMERICA, ET AL.,           )
                                   )
        Defendants.                )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants' Motion
for Summary Judgment.  [Dkt. 32.]  For the following reasons,
the Court will grant summary judgment in favor of Defendants.

**I. Background**

Plaintiff, *pro se*, is suing to prevent foreclosure on
his property by Defendants, claiming violations of the National
Housing Act, failure to provide notice of default, failure to
comply with applicable pooling and servicing requirements,
illegal charges, lack of good faith and fair dealing in loan
servicing, unclean hands in pursuing foreclosure, and lack of
standing to pursue foreclosure.  [Dkt. 1, Ex. 1.]  Defendants
now move for summary judgment and assert the following facts as
undisputed.  [Dkt. 32 ("MSJ").]

On January 26, 2007, America's Wholesale Lender d/b/a Countrywide Home Loans made a mortgage loan to Imam Mehboob for $335,200, to purchase a property at 20278 Glenrobin Terrace, Ashburn, Virginia 20147-2371 (the "Property"). (MSJ ¶¶ 1, 2.) Plaintiff was not a signatory on the Note (MSJ ¶ 1), but both Plaintiff and Mehboob signed the deed of trust (MSJ ¶ 3).

There was a default on the Note before January of 2009. (MSJ ¶ 6.) Notices of default were sent by postage-paid first class mail to Mehboob at the Property, dated January 16, February 17, and April 16, 2009. (MSJ ¶ 7.) The default was not cured, and the loan was accelerated. (MSJ ¶ 10.) A foreclosure sale was delayed, however, by the filing of a bankruptcy petition on August 27, 2009. (MSJ ¶ 11.) That bankruptcy petition was closed December 7, 2009. *Id.*

On May 29, 2010, Plaintiff received notice of a foreclosure sale to take place June 11, 2010. (MSJ ¶ 12.) Foreclosure has not taken place yet, and Plaintiff is still in possession of the property. (MSJ ¶¶ 14, 16.)

Plaintiff sued Defendants in the Circuit Court of Loudon County, Virginia, on June 2, 2010. [Dkt. 1, Ex. 1.] Defendants moved for summary judgment on December 13, 2010. [Dkt. 32.] Plaintiff responded in opposition on December 28, 2010. [Dkt. 34.] And Defendants filed their reply on December 28, 2010. [Dkt. 35.] Defendants' motion is before the Court.

## II. Standard of Review

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996) (citations omitted). The party seeking summary judgment has the initial burden of showing the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The party opposing summary judgment may not rest upon mere allegations or denials. Rather, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (quotation omitted).

Unsupported speculation is not enough to withstand a motion for summary judgment. *See Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986). Summary judgment is

appropriate when, after discovery, a party has failed to make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. In reviewing the record on summary judgment, "the court must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant." *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted).

### III. Analysis

In their Motion for Summary Judgment, Defendants argue that Plaintiff failed to give notice before commencing judicial action, in violation of the Deed of Trust. Section 20 of the Deed of Trust states:

> Neither Borrower nor Lender may commence . . .
> any judicial action . . . that arises from the
> other party's actions pursuant to this Security
> Instrument . . . until such Borrower or Lender
> has notified the other party (with such notice
> given in compliance with the requirements of
> Section 15) of such alleged breach and afforded
> the other party hereto a reasonable period after
> the giving of such notice to take corrective
> action.

[Dkt. 1, Ex. 1 at 26-27.]

It is identical to a provision at issue in *Gerber v. First Horizon Home Loans Corp.*, No. 05-1554P, 2006 WL 581082

(W.D. Wash. Mar. 8, 2006).  There, the Plaintiff sued his mortgage lender regarding a $15 "priority fee" charged as part of his mortgage "payoff statement."  *Id.* at *1.  He brought three claims: breach of contract, violation of the Washington Consumer Protection Act, and unjust enrichment.  *Id.*  Because he failed to provide notice before filing suit, he was foreclosed from bringing the breach of contract claim, but he was not foreclosed from his other claims, because those claims involved allegations of deceptive business practices that existed independently of the contract between the parties. *Id.* at *2-3.

Here, *all* of Plaintiff's allegations arise from actions taken pursuant to the Deed of Trust.  Therefore, because Plaintiff did not provide notice in accordance with the Deed of Trust, this Court will dismiss the Complaint.

## IV.  Conclusion

For the reasons stated above, the Court will grant judgment in favor of Defendants.  An appropriate order will issue.

|  | /s/ |
|---|---|
| January 3, 2011 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |